IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01535-REB-MJW

JUDITH H. FAHRENKROG, et al.,

    Plaintiffs,

v.

SMITHKLINE BEECHAM CORPORATION, d/b/a GLAXOSMITHKLINE,

    Defendant.

---

**ORDER REGARDING PLAINTIFFS' MOTION PURSUANT TO F.R.C.P. [SIC] RULE 1 (DOCKET NO. 29)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Plaintiffs' Motion Pursuant to F.R.C.P. [sic] Rule 1 (docket no. 29). The court has reviewed the motion and response (docket no. 33). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiffs request that this court enter an order limiting all parties to discovery on the statute of limitations issue only, in particular on whether Plaintiffs' claims are barred by the statute of limitations. In support of this request, Plaintiffs cite Fed. R. Civ. P. 1 and Greeley Pub. Co. v. Hergert, 233 F.R.D. 607, 612 (D. Colo. 2006). In essence, Plaintiffs argue that this court should first determine the statute of limitations issue

2

before the parties are permitted to undergo discovery that is directed toward the merits of Plaintiffs' claims.

Defendant argues that the subject motion should be denied since Plaintiffs' argument is based upon an erroneous assertion that John M. Fahrenkrog's (decedant's) treating physicians and other health care providers have no information bearing on the statute of limitations issue. Moreover, Defendant argues that this court has already addressed this issue that is being raised in this motion when this court conducted the Rule 16 Scheduling Conference on October 24, 2006, and further addressed this same issue at the Status Conference on January 12, 2007.

The record of proceedings in this case reflects that this court has already addressed the issue raised in the subject motion at both the Rule 16 Scheduling Conference on October 24, 2006, and again at the Status Conference on January 12, 2007. Accordingly, the relief sought by Plaintiffs is actually requesting reconsideration of this court's previous ruling on this issue. "Grounds warranting a motion to reconsider include: (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." <u>Ames v. Brown</u>, 2006 WL 1875374, at *5 (10th Cir. July 7, 2006) (quoting <u>Servants of Paraclete v. Does</u>, 204 F.3d 1005, 1012 (10th Cir. 2000)). Here, the court finds that Plaintiffs have failed to meet their burden under <u>Ames</u>. Furthermore, this court finds that to limit discovery on the issue concerning the statute of limitations under the circumstances of this case would not promote efficiency and economy by reducing the number of depositions and the cost of discovery. Discovery is intended to be a truth-

3

finding process. Mr. Fahrenkrog's physicians and healthcare providers are very likely to have information about what they knew, what information was available through the medical literature and other sources, and what was communicated to the Fahrenkrog family about treatment with Paxil. The issues concerning statute of limitations, causation, and damages are interconnected in this case, and thus judicial economy dictates that discovery on the statute of limitations issue and discovery on the causation and damages issues should take place at the same time.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Plaintiffs' Motion Pursuant to F.R.C.P. [sic] Rule 1 (docket no. 29) is **DENIED**;

2. That each party shall pay their own attorney fees and costs for this motion; and,

3. That discovery shall proceed consistent with the Rule 16 Scheduling Order dated October 24, 2006.

Done this 1st day of February 2007.

BY THE COURT

s/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge